# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6141 | **DATE** | 1/10/2011 |
| **CASE TITLE** | RWJ Management Company, Inc., et al vs. BP Products North America, Inc., et al | | |

**DOCKET ENTRY TEXT**

Written Opinion. Defendants' motion to exclude the testimony of Plaintiffs' expert witness Michael R. Davis [320] is granted in part and denied in part. (For further details see minute order.)

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

Defendants BP Products North America, Inc. and NRC Realty and Capital Advisors, LLC, have moved to exclude the testimony of Plaintiffs' expert witness on franchising Michael R. Davis, who will testify that BP failed to meet accepted franchise industry standards in its (1) disclosures to its franchisees; (2) development, sale, and supply practices; and (3) ongoing operation of the franchises. He also concludes that BP violated the duty of good faith and fair dealing. Such testimony is inadmissible, Defendants urge, because it would constitute legal conclusions. Defendants note that any obligation of "good faith and fair dealing" is enforceable only with reference to specific contract provisions, which Davis has not identified here. Further, Defendants urge, Davis's attempt to rely on industry standards to impute duties to BP would be irrelevant and will confuse the jury. (Memorandum in Support of Motion to Exclude [321] [hereinafter, "Davis Br."], at 2.)

The admission of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Under the relevant standards, expert testimony is admissible only if it based on sufficient facts and data, uses reliable principles and methods, and applies those principles and methods in a reliable way. FED. R. EVID. 702. *Daubert* requires the trial court to serve as "gatekeeper," screening proposed expert testimony for relevance and reliability. An expert is ordinarily not permitted to offer opinions or outcome-determinative legal conclusions. *United States v. Sinclair*, 74 F.3d 753 (7th Cir. 1996).

Defendants first argue that Davis's testimony on the "duty of good faith and fair dealing" is testimony on an outcome-determinative legal conclusion. (Davis Br., at 4, 6 (citing *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003).) Plaintiffs agree that testimony in the form of a legal conclusion is inadmissible (Plaintiffs' Response [339] at 2), and the court will sustain objections to any testimony concerning such conclusions.

| STATEMENT |
|---|

Plaintiffs have not directly challenged the contention that Davis's testimony as to the duty of good faith and fair dealing is admissible only to the extent that he can identify a specific contractual provision in relation to that duty which, under Illinois law, is enforceable only "as an aid in construing a contract." *Zeidler v. A & W Restaurants*, 301 F.3d 572, 575 (7th Cir. 2002). The only specific contractual provision that Plaintiffs have identified as relevant to Davis's testimony is the provision relating to fuel pricing. (Plaintiffs' Response [339] at 4.) Defendants argue that Davis is not qualified to opine on whether Defendant BP breached the duty of good faith imposed by 815 ILCS 5/2-305 when setting its fuel prices. (Davis Br. at 7-8.) The court agrees that Davis does not have adequate knowledge of or experience with fuel pricing to testify on specific issues relating to the actual pricing of fuel. He has admitted that he is not an expert on these issues. (*Id.*, citing Davis Deposition, Exhibit C to Davis Br., at 157-159; Plaintiffs' Response [339] at 4.) The court will, however, permit Davis to testify concerning franchise industry disclosure practices, should such practices be relevant to this or other fuel pricing claims (which are the subject of pending summary judgment motions and a motion to exclude the testimony of Plaintiff's expert Dr. Richard J. Olsen).

Finally, Defendants urge that Davis's testimony on industry standards is irrelevant and will serve to confuse and mislead the trier of fact. (Davis Br. at 9.) Davis has lengthy and substantial experience in the franchise industry and familiarity with franchise industry practices. (Davis Opinion and Resume, Exhibit A to Davis Br., at 8-11.) If Plaintiffs' fraud or misrepresentation claims survive summary judgment, the court concludes Davis's testimony may "assist the trier of fact to understand the evidence or to determine a fact in issue" on those claims. FED. R. EVID. 702.

Defendants' motion to exclude [320] is therefore granted in part and denied in part. The court will bar Davis's testimony as to legal conclusions, the duty of good faith and fair dealing, and the breach of contract claims. His testimony will, however, be admitted with respect to fuel pricing claims, but only to the extent that franchise disclosure practices become relevant to those claims. The court will also allow Davis to testify concerning franchise industry practices or procedures to the extent that testimony will inform the trier of fact on issues or evidence relating to Plaintiffs' fraud and negligent misrepresentation claims.

*[Signature]*