Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6141 | **DATE** | 1/13/2011 |
| **CASE TITLE** | RWJ Management Company, Inc., et al vs. BP Products North America, et al | | |

**DOCKET ENTRY TEXT**

Enter Written Opinion. Status hearing held on 1/13/2011. Defendants's motion to dismiss or strike or, in the alternative, to join the "jobbers" as Defendants in this action [125] is granted in part and denied in part. Paragraphs 76 and 77 are stricken, but the request to join the jobbers as parties is denied. Defendant BP Products North America Inc.'s motion for sanctions [228] is granted in that Plaintiffs will be barred from pursuing any claims that would be supported by (or could be challenged by) documents that once existed but are no longer available due to the failure to preserve them. On Plaintiffs' oral motion, Count VII, the claim for tortious interference, is dismissed. As all federal claims have been dismissed, Defendant's oral motion asking the court to retain jurisdiction is denied. This case is remanded to the Circuit Court of Cook County for further proceedings. The Clerk is directed to stay execution of the remand order for ten days. Final Pretrial Conference and Jury Trial, and remaining pending motions [160, 199, 336] are stricken without prejudice.

■[ For further details see text below.]   Notices mailed by Judicial staff.

00:16

# STATEMENT

On June 21, 2010, Defendants moved to dismiss and/or strike certain claims from Plaintiffs' Fifth Amended Complaint or, in the alternative, to join the "jobbers" as Defendants in this action [125]. This court's January 12 summary judgment ruling substantially resolves the issues raised in that motion. The January 12 ruling [364] granted summary judgment in favor of Defendants on various breach of contract claims. Included among those dismissed claims were the allegations in Paragraphs 76 and 77 of Plaintiffs' Fifth Amended Complaint that BP breached its implied covenant of good faith and violated the UCC by assigning its fuel supply agreements to jobbers "without first determining that the assignments would be in Plaintiffs' best interests." (Fifth Am. Compl. ¶ 76, 77.) In their motion to dismiss, Defendants identified these two paragraphs as the "most obvious example" of the allegations that it argued should either be stricken or that warranted joining necessary parties. (Mem. in Supp. of Mot. to Dismiss [126] at 6.) Plaintiffs have repeatedly emphasized that they will not pursue claims for post-assignment pricing. *See, e.g.,* Dkt. 303 at 50. Defendants urge that BP cannot be held responsible for post-assignment losses, and to the extent that such losses are a function of decisions made by jobbers (rather than the alleged fraud on the part of BP), the court agrees. Paragraphs 76 and 77 are stricken, but the request to join the jobbers as parties is denied.

Defendants have also moved for sanctions for Plaintiff's failure to preserve documents [228]. They cite testimony from the Desai Plaintiffs, and persons associated with them, that they were unaware of any obligation to preserve documents and had not done so. Plaintiffs insist no documents in fact existed, so there is "no harm" as a result of this "foul." The court nevertheless grants this motion, in that Plaintiffs will be barred from pursuing any claims that would be supported by (or could be challenged by) documents that once existed but are no longer available due to the failure to preserve them. Ruling on fees incurred as a result of

| STATEMENT |
|---|

this discovery issue and on Plaintiff's own motion for discovery sanctions [160] is deferred.

On Plaintiffs' oral motion, Count VII, the claim for tortious interference, is dismissed.

The most significant remaining pre-trial issues relate to Defendants' motion for summary judgment on Plaintiffs' fuel pricing claims [258] and their challenges to the testimony of Plaintiffs' expert, Richard Olsen [336]. Although the admissibility of expert testimony in federal court is governed by federal procedure, the pricing issue, including the interpretation of "commercially reasonable" in the context of UCC § 2-305, is a matter of state law. As noted in yesterday's order, all federal claims have been dismissed from this case. Accordingly, there is a presumption that this case should be remanded to the state court. *See Al's Service Center v. BP Products North America, Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). Defendants object to remand and have made an oral motion asking that the court retain jurisdiction. The only case they have, to date, cited in support of this oral motion is distinguishable, however. In *Miller Aviation v. Milwaukee County Board of Supervisors*, 273 F.3d 722 (7th Cir. 2001), the operator of a corporate airplane hangar sued its landlord, Milwaukee County, challenging the fees charged by Milwaukee County under the Federal Anti-Head Tax Act and several state laws. After dismissing the federal law challenge on its merits, the district court declined to exercise supplemental jurisdiction over the pendent state law claims. The Seventh Circuit agreed with the district judge's substantive ruling but concluded she should have retained jurisdiction over the state law claims. The Court of Appeals pointed out that the federal court in Wisconsin had presided over the case for five years and had "considered 22 motions, held 9 hearings, and issued 19 orders, including the 71-page decision" that was before the Seventh Circuit on appeal. 273 F.3d at 732. Moreover, resolution of the remaining state law claims required "applying the district court's findings of fact [concerning the federal claim] to applicable state law." *Id.*

The case before this court is in a quite different posture. Plaintiffs filed this action in state court, and Defendants removed it in October 2009 after Plaintiffs asserted a claim under the Petroleum Marketing Practices Act. That claim was withdrawn, however, as was the later-asserted Robinson-Patman Act claim. Neither such claim was the subject of any litigation before the court. This court has issued but one substantive ruling, and that was a brief (ten-page) decision on summary judgment issues, not one of which involves federal law. This court's familiarity with the issues in this case bears little resemblance to the intricate understanding of "the minutiae of airport administration, aviation commerce, as well as the inner workings of the various decision-making processes within Milwaukee County's government," mastered by the district court in *Miller Aviation*. 273 F.3d at 732.

Relinquishment of state law claims is the presumption. The only genuine argument rebutting that presumption is the fact that trial had been set to begin next week–on an expedited schedule at Plaintiffs' request. The fact that the parties will have to seek a trial date before a state court is, in the court's view, insufficient to rebut the presumption that remand is appropriate here.

Defendants' oral motion is denied. This case is remanded to the Circuit Court of Cook County for further proceedings. The Clerk is directed to stay execution of the remand order for ten days.

*[signature]*